IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARIE L.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 7:17-cv-00163 |
| | ) |
| NANCY A. BERRYHILL, Acting | )   By: Elizabeth K. Dillon |
|    Commissioner of Social Security, | )       United States District Judge |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Carie L. brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g)(2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 21.)

Carie timely filed written objections. (Dkt. No. 22.) After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the commissioner's decision.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R. & R. 2–4, Dkt. No. 21.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Carie's Objections**

Carie raises three objections to the report, and all three are the type of "rehashed objections" that the *Heffner* and *Felton* courts concluded could be rejected. *See id*. That is, Carie made the same arguments in her briefing before the magistrate judge. Moreover, the report directly addresses all three contentions.

In her first objection, she argues that the ALJ failed to adequately address the opinion evidence in the record when she accorded little weight to the opinions of treating physician Dr. Dulaney and consultative examiner Dr. Humphries while according some weight to the state agency physicians. (Pl.'s Objs. 1–4, Dkt. No. 22.) Specifically, she contends that the ALJ "cherry picks" evidence in her analysis and "ignores the fact that Dr. Humphries clearly stated his opinions are based upon not only plaintiff's history of impairments and treatment but also

3

based upon his own examination of the plaintiff." (*Id*. at 2.) Carie states that the ALJ lacked substantial evidence in assigning little weight to Dr. Humphries's opinions limiting plaintiff to a sedentary exertion level in terms of her ability to sit, stand, and walk. (*Id*. at 3.) Additionally, Carie argues that the ALJ's decision to give Dr. Dulaney's opinions little weight was not supported by substantial evidence and that the ALJ improperly asserted that Dr. Dulaney's opinion "was devoid of supporting objective medical evidence." (*Id*. at 4.) She contends that Dr. Dulaney "points to the objective medical evidence of plaintiff's well documented multiple impairments and her history of multiple medications that did not alleviate plaintiff's symptoms or resulted in significant side effects and had to be discontinued and Dr. Dulaney's treatment notes support her opinions." (*Id*.)

The court finds that this objection is simply a rehashing of Carie's prior arguments before the magistrate judge, and the court could reject the objection on that basis alone. (*Compare* Pl.'s Objs. 1–4 *with* Pl.'s Mem. Supp. Mot. Summ. J. 17–22, Dkt. No. 15.) In any event, even considering the objection de novo, the court concludes that the magistrate judge's reasoning is correct and that the ALJ's determination on this issue was supported by substantial evidence. Specifically, the report explains that the ALJ rejected Dr. Dulaney's determination that Carie is disabled because that is an issue reserved to the Commissioner, and there was a lack of supporting objective medical evidence. (R. & R. 11 (citing R. 26–27).) The report also points out that the ALJ explained the weight she assigned to Dr. Humphries's opinions, noting that those opinions were inconsistent not only with the medical record, but also with his own examination of Carie. (*Id.* at 11–12.) Finding the report's analysis persuasive, the court adopts the reasoning of the report and overrules the first objection.

In her second objection, Carie contends that the ALJ erred in her residual functional capacity (RFC) findings by failing to "make specific findings regarding plaintiff's episodes of pain necessitating breaks or absences from work and how often they would occur and that the ALJ did not properly assess the impact of plaintiff's manipulative limitations on her ability to perform work related activities." (Pl.'s Objs. 4–5.) Additionally, Carie argues that the magistrate judge's report erred in finding that the ALJ's RFC determination was clear and that no relevant evidence was omitted. (*Id.* at 5.) Like her first objection, this is the same argument Carie made before the magistrate judge. (*Compare* Pl.'s Objs. 4–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 14–20.) And as the report correctly notes, the ALJ "did not omit any evidence when crafting Carie's current RFC" (R. & R. 13), and she "include[d] a detailed summary and analysis of Carie's impairments, medical records, testimony, and opinion evidence" in order to arrive at her conclusion that the objective medical evidence did not support the severity of symptoms Carie claimed, (*id.* at 11).

Third and finally, Carie contends that the ALJ erred in her credibility determination and in concluding that "the medical record is devoid of any objective findings corroborating plaintiff's subjective claims of pain and debility." (Pl.'s Objs. 5.) However, Carie's objection is a word-for-word rehashing of her argument to the magistrate judge (*compare* Objs. 5–6 *with* Pl.'s Mem. Supp. Mot. Summ. J. 20–22), and the magistrate judge correctly concluded that the ALJ's credibility determination was supported by substantial evidence. (R. & R. 14–15.) Reviewing Carie's second and third objections de novo, the court reaches the same conclusions as the magistrate judge, and for the same reasons. Accordingly, these objections are also overruled.

5

## III. CONCLUSION

As explained above, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Carie's objections and adopt the magistrate judge's recommendation. The court will therefore grant the commissioner's motion for summary judgment, deny Carie's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: September 25, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge